CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 08 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ABDUL HAMZA WALI MUHAMMAD, | CASE NO. 7:16CV00313 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| ARVIL J. GALLIHAR, ET AL., | By: Glen E. Conrad |
| | Chief United States District Judge |
| Defendant(s). | |

Abdul-Hamza Wali Muhammad, a Virginia inmate proceeding pro se, filed a motion for preliminary injunction that the court also construed as a new civil rights complaint under 42 U.S.C. § 1983, seeking interlocutory injunctive relief. Upon review of the record, the court finds that because Muhammad is not entitled to such relief, the action must be summarily dismissed.

Muhammad alleges that in April and May 2016, administrators at Red Onion State Prison approved him for reclassification to Security Level 6. Later in May, however, officers allegedly wrote retaliatory disciplinary charges against Muhammad, based on false allegations of misconduct. The disciplinary hearing officer allegedly failed to maintain impartiality and convicted Muhammad of these disciplinary charges. Muhammad's appeals of these convictions were still pending at the time he filed this action. In mid-May, officials reduced Muhammad's security level, and Muhammad fears that as a result of the reduction, officials will make him repeat a series of books that he has already completed.

Muhammad also alleges that on May 26, 2016, while he was in the shower, officers "subjected [him] to sexual harassment" by bringing another male prisoner to the adjacent shower, thus exposing Muhammad to a full view of the man's naked genitals. Muhammad states that his complaint about this incident, as well as other grievance appeals related to his claims in this action, are still pending.

Based on the alleged events, Muhammad contends that he is entitled to unspecified preliminary injunctive relief. Apparently, he wants the court to order Red Onion officials: to desist from making him repeat books he has completed; to stop their "campaign of harassment" and retaliatory disciplinary charges; to transfer him to a lower security prison; and to allow him to wear his left wrist brace outside his cell.

The party seeking a preliminary injunction must make a clear showing "that he is likely to succeed on the merits; that he is likely to suffer irreparable harm in the absence of preliminary relief; that the balance of equities tips in his favor; and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with" the fact that injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 22.

Muhammad's motion for interlocutory relief does not demonstrate any likelihood that he will suffer irreparable harm without prompt court intervention. At the most, he alleges that he has suffered false disciplinary charges and has been exposed to male nudity, racially offensive comments, and threats of more retaliatory charges. The court cannot find that these allegations are sufficient evidence of imminent and irreparable harm worthy of the requested interlocutory relief. Accordingly, the court will deny Muhammad's motion for interlocutory injunctive relief.[1] Moreover, as interlocutory relief is the only form of relief Muhammad seeks in this action, the

---

[1] Muhammad also requests a temporary restraining order. Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Fed. R. Civ. P. 65(b). Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that Muhammad is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

2

court will dismiss the entire case without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1),[2] for failure to state a claim to the relief sought.[3] An appropriate order will issue this day.

While dismissal of this action without prejudice leaves Muhammad free to refile his claims in new and separate civil actions, he is reminded of the Federal Rules of Civil Procedure. A complaint itself must include the claims and the facts in support of those claims. Such details may not be provided merely by attaching a stack of unlabeled documentation and affidavits. In addition, as this court has advised Muhammad in previous orders in other cases, his practice of chopping his own sworn affidavit into two-page chunks, using his personally created "affidavit" form, is <u>unacceptable</u>. The narrow writing lines on his affidavit form make his handwriting nearly impossible to read, and the two-page format of the form encourages him to submit multiple, overlapping versions of events, instead of one, comprehensive affidavit stating his complete version of relevant events, as referenced in the complaint itself. Should he find it necessary to pursue further civil actions, he must eliminate the noted pleading deficiencies.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 8th day of July, 2016.

_____
Chief United States District Judge

---

[2] Under § 1915A(b)(1), the court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

[3] It is also clear from Muhammad's submissions that he has, once again, filed a federal lawsuit before complying with the exhaustion requirements in 42 U.S.C. § 1997e(a). This deficiency provides another grounds for dismissal of this action.